## ROBERT MOWE *vs.* JOHN B. STEVENS.

*Adverse possession.    Administrator cannot, without a consideration, bind his intestate's estate, or release easement.*

Where one has a right to use land for certain purposes his occupation of it must be presumed, *prima facie*, to be in accordance with his legal right.

A voluntary release of an easement by an administrator does not bind the estate, nor the heirs of the intestate.

ON REPORT.

The court to enter such judgment as the case requires.    The facts sufficiently appear by the opinion.

*Bradbury & French*, for the plaintiff.

*Bates & Jos. Granger*, for defendant.

APPLETON, C. J.    This is an action of trespass *quare clausum*. The *locus in quo* is a lane called Proprietors' lane, running from High to Elm streets, and between the lots on Washington and Boynton streets, the plaintiff's lot being on Washington street and the defendant's on Boynton street.    The plaintiff erected a gateway across the land, which the defendant carefully removed, and without damage.

The acts done are justified on the following grounds: 1. That the plaintiff has no title to the premises where the alleged trespass was committed.    2. That the fee of the same was in the defendant.    3. That the said premises were part of a lane which had become a public thoroughfare by prescription.    4. That said premises were part of a lane over which all the abuttors, of whom he was one, had a right of way.

The plaintiff derives his title from Charles Peavey by various mesne conveyances. Peavey acquired his title from George Norton by deed of warranty dated May 21, 1821, in which the premises conveyed are described as follows: "a certain piece or parcel of land situated and lying in Eastport aforesaid and bounded as follows, viz.: Beginning on Washington street at the northwest corner of a lot of land owned by said George Norton, thence on said Washington street northwesterly four rods and three-quarters of a rod to land of Norton & Coombs, thence by said land of Norton & Coombs, southwesterly five rods and two feet to a lane lately laid out by said Norton & Coombs and called "Proprietors' Lane," thence by said Proprietors' Lane southeasterly four rods and three-quarters of a rod to the aforementioned lot of George Norton, thence by said Norton's lot northeasterly five rods and four feet to the first-mentioned bounds, with all the privileges and appurtenances thereunto belonging. And the said George Norton, his heirs and assigns, doth covenant and engage with the said Charles Peavey, his heirs and assigns that the aforementioned lane called Proprietors' Lane, shall be kept open from Coombs (now Elm) street to High street back of Charles Peavey's lot, one rod wide from the lines of Thomas Pierce and Solomon Rice, forever." By this deed Peavey acquired only an easement in the lane and could only convey what he had thus acquired. The plaintiff having no legal title to the premises from one authorized to convey, if he has a title, it is one gained only by adverse possession. It is true, that he claims the land is covered by the language of some of the intermediate conveyances under which he derives his title. This, however, is denied by the defendant and may well be questioned. But, however that may be, still the plaintiff has a title only by adverse possession. He testifies, "I claimed title to the lane by occupation."

The defendant derives title from George Norton and Philip Coombs by deed of October 17, 1817, which as he contends includes the lane. In the deed from Isaac Hobart to Abel Stevens, the father of the defendant, dated May 11, 1829, one of the lines

is described as "running north 67 deg. west, five rods on the lane." But it is immaterial to determine whether the fee of the lane is in the defendant or not, inasmuch as if he has an easement therein, and the plaintiff has wrongfully interfered with his rightful enjoyment of it, he would be fully justified in removing the obstructions of the plaintiff which prevent such enjoyment.

If the legal title of the lane remained in the proprietors, they would be estopped by their deed from interference with its use. But the plaintiff does not claim under them.

The plaintiff by his deed had a right to use the lane for the purposes for which it was established. His use must be regarded, *prima facie*, in accordance with his legal right, and not adverse to the owners of the fee whoever they may be, or of those for whom or for whose estates the lane was established.

The evidence shows the lane to have been used by the public and by the occupants of the adjacent lots, without restriction, from 1821 when Peavey became the owner of the plaintiff's lot to October 29, 1848. The use during that time was open, continuous, undisturbed, and adverse to the plaintiff's claim, and if under a claim of right was none the less adverse. At that date the plaintiff had gained no rights as against the owners of the fee of the lane or against those having an easement therein. On the twenty-ninth day of October, 1848, a paper was signed by "Charles Stevens, administrator for the estate of A. Stevens, and occupant," the purport of which was to save to the plaintiff and others "their right, property, or control over said lane and the land on which it passes, and to prevent the acquisition by the owners or occupants of the lots on the southerly side (Boynton street) of any right by prescription or otherwise, to keep open, use, and enjoy said lane, and that they do and will claim no right therein, but they acknowledge their use and enjoyment of the same is wholly by the permission and consent of said Mowe.

But Charles Stevens, as administrator, had no right to bind the estate. The writing is not under seal. He could not diminish or destroy the estate of his co-heirs or injuriously affect the rights of

the other owners of land on Boynton street or of the public. There is no consideration for this paper, and there is no proof whatever of the truth of the statement therein contained, "that the lane was opened by the owners of the lots lying on the northerly side for their use and accommodation, and was taken wholly from land belonging to their lots." On the contrary, that the lane was laid out by the proprietors, the plaintiff by the very basis of his title, the deed to Peavey, is estopped to deny.

From October, 1848, to the time of the alleged trespass, the lane has been used as heretofore. There is proof of a gate and bars being erected by the plaintiff and continuing for some years, and of the plaintiff forbidding individuals in two or three instances to pass over the lane. But there has been no continuous, exclusive, open, and adverse enjoyment of the lane for any period of twenty years. The defendant as well as the public have exercised and claimed the right to pass and repass over the premises at their own will and pleasure, and they have so passed and repassed without any continued interruption or hindrance. We think the plaintiff fails to show a title by disseisin and he manifestly has no other.

*Judgment for the defendant.*

CUTTING, KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.